UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEWIS JOSEPH BRUSS,<br>          Plaintiff,<br>     v.<br>LAWRENCE BERGER, BERGER &<br>BORNSTEIN, and U.S. LAND RESOURCES,<br>          Defendants. | Civ. Action No. 07-3348 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

   This matter was opened to the Court upon motion of Lawrence Berger, Berger's firm Berger & Bornstein, and his real estate business U.S. Land Resources (collectively, "Berger" or "defendants") for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Following the service of the initial complaint in July 2007, Berger moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e), after which plaintiff Lewis Joseph Bruss ("Bruss" or "plaintiff") filed an amended complaint in May 2008 rendering the Rule 12(e) motion moot.  Bruss, appearing *pro se*, was granted *in forma pauperis* status in January 2008.

**I.     FACTS**

   On a motion to dismiss under Rule 12(b)(6), the court's "recitation of the facts is limited to those alleged" in the complaint, which the court must "accept . . . as true" and from which it must "draw all reasonable inferences in Plaintiff['s] favor."  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  Based upon the initial complaint filed July 18, 2007, as well as the amended

complaint,[1] filed on May 1, 2008 (after Berger moved for a more definite statement), and Bruss's subsequent submissions to the Court, the present dispute arose from a 1986 transaction between the parties. That year, Berger, a real estate developer, allegedly requested that Bruss, a photographer, take aerial photographs of the Paramus Park and Monmouth County Malls. Bruss's complaint does not specify details of the aircraft from which the photos were taken or the cost of any flights, nor whether Bruss was paid any fee for the shoot.

Due to Bruss's pro se status, the Court will look beyond the pleadings to understand the nature of the action, but will nonetheless decide the motion strictly upon the substance of the case as pleaded. See Locicero v. O'Connell, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) ("In the case of a motion to dismiss involving a claim by a pro se plaintiff, a court may look beyond the complaint to the plaintiff's opposition papers.").

Bruss alleges that in 1986, after he took the photographs, Berger asked to borrow the negatives with the understanding that he would order prints from Bruss. Framing his claim as a violation of the "Copyright Act of 1976," Bruss alleges that Berger refused to return the negatives in 1986 and that, using the negatives, Berger sold the two mall properties. Bruss alleges that he was never compensated for Berger's use of the negatives in these sales. As relief, Bruss demands $900,000 for "theft of [his] property" and $20,000,000 for copyright infringement.

Bruss's amended pleading also contains a post-script, which reveals tumultuous dealings between the parties. Bruss admits to having "stole[n]" a "statute out of Mr. Berger's office," after which he claims "the police didn't waste one second throwing my mother fucking ass in jail where I sat for 180 days, for a statute valued at $2500.00." In this post-script, Bruss includes

---

[1] Bruss's pleading denominated as an "amended complaint" is more accurately characterized as a supplemental pleading, as it does not repeat and re-allege material from the original complaint, but merely supplements it with new clarifying information.

what the Court interprets as requests that Berger "should be sentenced to a federal prison" and should "los[e] his license to practice law."[2]  Apparently, Bruss had earlier made "an appearance before Judge Noonan of the township of Morristown," stemming from an incident when Bruss made a criminal complaint to the Morristown police that Berger had stolen his property.  Bruss further indicates that he has endured difficult financial times since their dealings.

Additional correspondence from Bruss outlines his theory of damages.  In correspondence dated February 13, 2008 (D.E. 11), Bruss relies upon a Reader's Digest Book *Legal Questions and Answers*, citing that "[t]he owner of a copyright Has [sic] the exclusive right to print, publish, copy and sell the copyrighted work.  He also has the right to prepare derivative works based on the original material."  Based on this, Bruss expands upon his theory of damages as follows:

> [D]erivative works would have included licensing rights to the Paramus Park and Monmouth county Malls tenants associations, for use on tee shirts, coffee and beer mugs, all to be sold within the respective malls, as well as done [sic] in Atlantic City, and throughoutouylets [sic] available thru the N.J. Visitors and Convention Bureau. Additionally, I lost sales to the billboards available on the Garde [sic] State Parkway, and New Jersey Turnpike, as well as on billboards that are available throughout the country that could show how beautiful shopping centers in New Jersey really are.  Sales to calendar companies [sic] that specialize in architecture, as well as post card sales, and plain old art posters are all sales that I lost out on through Mr. Berger's acts.

(Letter of Feb. 19, 2008 from Bruss to Court.)  In another letter to the Court dated May 22, 2008, Bruss offers information upon which his purported lost profits can be calculated: "advertising on a NJ Transit Bus, such as to advertise a shopping center, sells for $720 per month, minimum contract is 20 buses per contract for a 2.5 ft. high by 20 feet long sing on the side of a bus in Essex County for a non national client."  (Letter of May 22, 2008 from Bruss to Court.)  Bruss

---

[2] It does not need saying that insofar as the post-script contains demands for Berger's incarceration or revocation of his law license, the Court denies them on their face as they are remedies unavailable in this civil action for money damages.

also gives monthly figures for advertising on a billboard on the Outerbridge Crossing, which he claims represents his "income loss per month for Mr. Berger's criminal (theft) actions." (Id.) In a July 14, 2008 letter, Bruss relies on hearsay information to accuse Berger of not paying his taxes and leaving other debts unpaid. Bruss also provides additional measures of purported lost profits, stating that "[a] woman at Penn Station, Newark, NJ, charges 15.$^{00}$ to put photographs she takes of people on coffee mugs, and it takes her two minutes each." (Letter of July 14, 2008 from Bruss to Court.)

Having weighed both the original and amended (or supplementary) complaints, as well as the ancillary submissions, the Court is sufficiently informed of Bruss's statement of his case to proceed with a Rule 12(b)(6) motion.

**II.    JURISDICTION**

Bruss frames his complaint's sole count under the Copyright Act of 1976. Accordingly, subject matter jurisdiction is proper under 28 U.S.C. § 1338(a), which provides that federal district courts have original and exclusive jurisdiction over "any civil action arising under any Act of Congress relating to . . . copyrights." 28 U.S.C. § 1338(a). Bruss asserts no other claims in his original or amended pleading.

**III.   STANDARD OF REVIEW**

When addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Further, a court cannot "dismiss a complaint for failure to state a claim upon which relief can be granted unless . . . the plaintiff can prove no set of facts that would entitle her to relief." Id. However, following the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the

Third Circuit has "cautioned that the factual allegations in the complaint must not be so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Umland v. Planco Fin. Servs., 542 F.3d 59, *11 (3d Cir. 2008). Moreover, pleading "mere elements of a cause of action" is not sufficient and "plausibility" is required, such that "factual allegations must be enough to raise a right to relief above the speculative level." Id.

Nonetheless, as is the case here, a "pro se complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers." Montgomery v. Pinchak, 294 F.3d 492, 500 (3d Cir. 2002); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (demonstrating point that a pro se plaintiff's pleading must be liberally construed and is held to a lesser standard than that which is applied to pleadings drafted by attorneys). "In resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account." Halstead v. Motorcycle Safety Found., Inc., 71 F. Supp. 2d 464, 467 (E.D. Pa. 1999) (citing Chester County Intermediate Unit v. Penna. Blue Shield, 896 F.2d 808, 812 (3rd Cir. 1990)).

IV.   DISCUSSION

In his Rule 12(b)(6) motion, Berger argues for dismissal of Bruss's copyright claim on grounds that the statute of limitations applicable to copyright actions has run, leaving Bruss unable to state a claim for copyright infringement upon which relief could be granted. Under 17 U.S.C. § 507(b), which governs limitations on civil actions for copyright infringement, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b).

"A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994). Bruss's allegations demonstrate that he was aware of the alleged copyright violation in 1986, when Berger allegedly would not return negatives of the aerial photos. Case law demonstrates that even *pro se* complaints may be dismissed where untimeliness is manifest in the pleadings. Bieregu v. Ashcroft, 259 F. Supp. 2d 342, 355 (D.N.J. 2003) (stating in the prisoner context that "it is appropriate to dismiss sua sponte under § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint.").

Bruss's copyright claim accrued in 1986, and it is apparent that the applicable three-year statute of limitations has run against his claim, which was filed over twenty years after the claim's accrual. Because the untimeliness is manifest from the face of the pleadings, his copyright claim must be dismissed. In light of the dismissal, the Court need not reach the damages aspect of Bruss's cause of action.

## V.     CONCLUSION

Bruss's federal copyright claim is dismissed with prejudice for failure to state a claim upon which relief can be granted on the basis of the running of the applicable statute of limitations. The moving papers have discussed possible state law claims, which the Court has not addressed based on the singular cause of action asserted here; assuming state law claims could be teased out of the pleadings, the Court declines to exercise supplemental jurisdiction. See Johnson v. Knorr, 477 F.3d 75, 86 n.15 (3d Cir. 2007) (noting that under 28 U.S.C. §

1367(c)(3), "a district court may decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all of the claims over which it had original jurisdiction.").

An appropriate order will be entered.

/s/Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

Dated: November 21, 2008